IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WALLACE L. SCRUGGS, JR. and
RENEE SCRUGGS,

                Plaintiffs,

v.                                          CIVIL ACTION NO.   3:13-30435

WAYNE ANDERSON, individually
and as successor in interest to
American Energy Holdings, LLC,
Wilon Resources, Inc. and E2
Investments, LLC;
US NATURAL GAS CORP WV,
a Florida Corporation and
US NATURAL GAS CORP,
a Florida Corporation,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is the Motion to Compel Arbitration and to Dismiss, ECF No. 8, of Defendants Wayne Anderson, US Natural Gas Corp. WV, and US Natural Gas Corp. For the reasons explained below, the Court **GRANTS in part** and **DENIES in part** this Motion. Specifically, the Court **GRANTS** Defendants' motion to compel arbitration and **DENIES** their motion to dismiss. The Court hereby **ORDERS** the parties to submit the disputes in this case to arbitration. This case is **STAYED** pending the resolution of such arbitration.

**I.    Background**

      On February 14, 2006, Plaintiffs Wallace and Renee Scruggs entered into a Subscription Agreement ("the Agreement") with American Energy Holdings, LLC ("AEH"), whereby, in return

for their investment of $350,000, Plaintiffs were to receive a working interest in a natural gas well—specifically, Butler Davis Farm Well No. 5 ("the Well"). Compl. ¶ 23, ECF No. 1; Ex. A, Defs.' Mot. Compel Arb., ECF No. 8-1 at 2-4. The Agreement contains the following arbitration clause:

> We agree that all disputes between [AEH] and [Plaintiffs] relating to this investment shall be resolved exclusively through binding arbitration conducted under the commercial arbitration rules of the American Arbitration Association. The Arbitration award is enforceable as a judgment of any court having proper jurisdiction. The costs of arbitration shall be split equally between [AEH], [sic] and each party and each shall bear that party's own legal expenses.

Ex. A, Defs.' Mot. Compel Arb., ECF No. 8-1 at 4.

According to the Complaint, AEH sold or transferred its interests, including that in the Well, to Wilon Resources, Inc. ("Wilon"), which assumed AEH's obligations under the Agreement. Compl. ¶ 24. On June 2, 2008, Wilon executed a one-page Assignment of the same amount of working interest in the Well as was designated in the original Agreement and recorded that assignment in Wayne County, West Virginia. *See id.* ¶ 25; Ex. B, Defs.' Mot. Compel Arb., ECF No. 8-1 at 6. On March 27, 2009, Wilon executed a one-page Amendment to both the original Agreement and the Assignment which promised a priority per annum distribution to Plaintiffs from August 14, 2006, to the date the first royalty payment is made. *See* Compl. ¶ 26; Ex. C, Defs.' Mot. Compel Arb., ECF No. 8-1 at 8. Neither the Assignment nor the Amendment addressed arbitration.

According to the Complaint, on November 10, 2009, E 2 Investments, LLC ("E 2"), a wholly-owned subsidiary of Defendant US Natural Gas Corp. ("USNG"), agreed to purchase all of Wilon's outstanding shares. Compl. ¶ 27. Additionally, on or about March 19, 2010, USNG acquired all of Wilon's outstanding shares and began to hold Wilon as a wholly-owned subsidiary. *Id.* ¶ 28. According to Plaintiffs, USNG is thus the successor to Wilon and assumed its

responsibilities under the Agreement, the Assignment, and the Amendment. *Id.* ¶¶ 27-28. On the same day when Wilon became a wholly-owned subsidiary of USNG, Wilon changed its name to that of Defendant US Natural Gas Corp. WV ("USNG WV"). *Id.* ¶ 29.

Plaintiffs bring the instant action under breach of contract, negligence, breach of fiduciary duty, and fraud against all Defendants in relation to Plaintiffs' investment in the Well, including alleged misrepresentations by the operator of AEH and Wilon and by the owner and/or operator of USNG, Defendant Anderson,[1] regarding the investment. *See* Compl. ¶¶ 18-21; *id.* at 7-13.

Defendants filed the instant Motion on June 2, 2014, and Plaintiffs filed no response. This Motion is ripe for resolution.

## II.     Legal Standard

In the Fourth Circuit, a litigant may compel arbitration under the Federal Arbitration Act ("FAA") if he demonstrates:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [other party] to arbitrate the dispute.

*Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002) (internal quotation marks omitted).

"[D]ue regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself [are to be] resolved in favor of arbitration." *Id.* at 500. As explained by the Fourth Circuit:

> The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. This stay-of-litigation provision is mandatory. A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview.

---

[1] The relationship between Defendant Anderson and USNG is never clearly explained in the Complaint.

*Id.*; *see also Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir. 1999).

### III.     Analysis

The four elements from *Adkins* are easily fulfilled here. First, a dispute exists between the parties, as evidenced by the pending civil case. Second, the Agreement contains an expansive arbitration clause, which states, in pertinent part, "[A]ll disputes . . . relating to this investment shall be resolved exclusively through binding arbitration." Ex. A, Defs.' Mot. Compel Arb. Additionally, Plaintiffs' breach of contract, negligence, breach of fiduciary duty, and fraud claims all relate back to Plaintiffs' investment in the Well, as outlined in the Agreement. Though the Agreement only purports to govern disputes between Plaintiffs and AEH, none of the parties appear to contest the applicability of the Agreement—and thus its arbitration clause—to this case. Indeed, were Plaintiffs to do so, the basis for the instant suit would be thrown into jeopardy, given that the Agreement is the foundation upon which the later Assignment, Amendment, and successions of responsibility leading to the alleged liability of Defendants are based. Whatever the reason, Plaintiffs have neglected to file a response to the instant Motion, so the validity of the Agreement in this case is not in dispute for the purpose of this Motion.

Third, the transaction at issue here—the exchange of money for a working interest in the Well—relates to interstate commerce. *See Gov't of Virgin Is. v. United Indus. Workers, N.A.*, 169 F.3d 172, 176 (3d Cir. 1999) ("The Supreme Court has stated that the FAA's reach coincides with that of the Commerce Clause. [*Allied–Bruce Terminix Cos. v. Dobson,* 513 U.S. 265, 274 (1995).] This broad interpretation of the FAA is consistent with the FAA's basic purpose, to put arbitration provisions on the same footing as a contract's other terms." (brackets omitted) (internal quotation marks omitted)). Plaintiffs are residents of Maryland; AEH and Wilon were citizens of Tennessee; the Well is located in West Virginia; and Defendants and E 2 are citizens of Florida. *See* Compl. ¶¶

1-2, 4-6, 18-19. Fourth, Plaintiffs failed to arbitrate this dispute by filing this lawsuit in the first place. Therefore, the Court easily finds that this dispute should be sent to arbitration.

The Fourth Circuit has declined to rule on whether dismissal or merely a stay is the proper remedy when all of the issues presented in a lawsuit are arbitrable:

> [T]here may be some tension between our decision in *Hooters*—indicating that a stay is required when the arbitration agreement covers the matter in dispute—and *Choice Hotels*—sanctioning dismissal when all of the issues presented are arbitrable. [T]his potential tension mirrors a circuit split . . . . We . . . decline to resolve this disagreement.

*Noohi v. Toll Bros., Inc.*, 708 F.3d 599, 605 n.2 (4th Cir. 2013) (ellipses omitted) (internal quotation marks omitted). In the exercise of caution and in compliance with the plain wording of the FAA in 9 U.S.C. § 3, this Court declines Defendants' invitation to entirely dismiss the case and, instead, stays the action pending the resolution of court-ordered arbitration.

### IV. Conclusion

As explained above, Defendants' Motion to Compel Arbitration and to Dismiss, ECF No. 8, is **GRANTED in part** and **DENIED in part**. Specifically, the Court **GRANTS** Defendants' motion to compel arbitration and **DENIES** their motion to dismiss. The Court hereby **ORDERS** the parties to submit the disputes in this case to arbitration. This case is **STAYED** pending the resolution of such arbitration.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: July 1, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE