IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WALLACE L. SCRUGGS, JR. and
RENEE SCRUGGS,

           Plaintiffs,

v.                                          CIVIL ACTION NO.   3:13-30435

WAYNE ANDERSON, individually
and as successor in interest to
American Energy Holdings, LLC,
Wilon Resources, Inc. and E2
Investments, LLC,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

    Pending before the Court are Plaintiffs' Motion for Entry of Default Judgment, ECF No. 44, and Motion for Entry of Default, ECF No. 47. Plaintiffs Motion for Default Judgment was procedurally inappropriate as it preceded an entry of default. Default must be entered, however, before a default judgment can be rendered in favor of the moving party. *See* FED. R. CIV. P. 55. Accordingly, Plaintiffs' Motion for Entry of Default Judgment is **DENIED** as moot. ECF No. 44.

    Plaintiffs' Motion for Entry of Default is procedurally proper and meritorious. An entry of default is appropriate where a defendant has "failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Where a defendant fails to indicate an intent to "otherwise defend" the action, even if he or she has answered the complaint and participated in some of the litigation, default may be entered against the defendant.[1] *Home Port Rentals, Inc. v.* Ruben, 957 F.2d 126, 133 (4th Cir. 1992)

---

[1] The Court notes that not all circuits endorse this interpretation of Rule 55. Notably the Fifth and the Eleventh Circuits have held that where a defendant has answered the complaint the

(finding entry of default based on Rule 55 proper where after defendants answered, defendants failed to participate in or defend the action); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (finding obstructionist litigation tactics, failing to appear for a deposition, giving vague and unresponsive answers to interrogatories, and failing to appear for trial supported a finding that the defendant failed to "otherwise defend"). "[T]he district court's power to maintain an orderly docket justifies the entry of default against a party who fails to . . . meet . . . required time schedules." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011) (quoting *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918 (3d Cir. 1992)).

Defendant Wayne Anderson initially appeared and participated albeit fitfully in this litigation. But beginning in early May 2016, Anderson continually failed to respond to Plaintiffs' motions, failed to appear as ordered at conferences and hearings, and failed to comply with Court orders requiring an explanation for his failures to appear and respond to motions even when informed that default may result from continued silence. Anderson has unequivocally indicated that he no longer wishes to participate in this litigation. Accordingly, an entry of default by the Clerk is warranted because Anderson has not otherwise defended this action.

Lastly, the Court **VACATES** its Order entering default judgment against the corporate defendants. ECF No. 40. The Order was improvidently granted because an entry of default was not first entered against the corporate defendants. Nonetheless, the basis for an entry of default against the corporate defendants was present then and is still present now. The corporate defendants failed to retain counsel. A corporate defendant may not represent itself. *Rowland v.*

---

defendant cannot be said to have failed to "otherwise defend" and default cannot be entered based on Rule 55. *See Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949), *cert denied,* 338 U.S. 816 (1949); *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

*Cal. Men's Colony*, 506 U.S. 194, 202 (1993). Without counsel a corporate defendant may be found in default even if it appears in the action. *See Am. Metals Serv. Exp. Co. v. Ahrens Aircraft, Inc.*, 666 F.2d 718, 720 n.2 (1st Cir. 1981); *Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180, 192 (2d Cir. 2006); 10 MOORE'S FEDERAL PRACTICE, § 55.11 (3d ed. 2009). Accordingly, an entry of default by the Clerk is warranted against the corporate defendants as they have failed to retain counsel.

Plaintiffs' Motion for Entry of Default Judgment is **DENIED** as moot. ECF No. 44. Plaintiffs' Motion for Entry of Default Against Wayne Anderson is **GRANTED**. ECF No. 47. The Court's Order granting plaintiff's motion for default judgment is **VACATED**. ECF No. 40. The Court **DIRECTS** the Clerk to enter default against Wayne Anderson, American Energy Holdings, LLC, Wilon Resources, Inc., E2 Investments, LLC, US Natural Gas Corp. WV, and US Natural Gas Corp.

Plaintiffs are **DIRECTED** take the appropriate steps to effect a default judgment, including providing the specific bases for the damages sought from each defaulted defendant. If the amount of damages sought is not a sum certain, plaintiffs will need to request a hearing to establish the damages due to plaintiffs.

The docket lists only one address for Anderson. The Court has no other means to contact him and thus the Court **DIRECTS** the Clerk to send this Order to Anderson at the address listed on the docket. The Court also **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   December 2, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE